68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Errick E. PAYTON-BEY, Plaintiff-Appellant,
v.
Pete VIDOR, Warden; Brenda Huddleston, Sergeant; Dale
Ninko, Resident Unit Mgr., Defendants-Appellees.
 No. 94-2472.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges, and COFFMAN, District Judge.*
 
 ORDER
 
 2
 Errick E. Payton-Bey, a Michigan state prisoner, appeals pro se the judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Payton-Bey sought monetary, declaratory, and injunctive relief from defendants, employees of the Michigan Department of Corrections, whom he alleged had verbally harassed him, placed him on food loaf status in violation of due process and due to racial discrimination, and ignored his requests for medical and mental health treatment in violation of the Eighth Amendment. Defendants moved to dismiss the complaint or for summary judgment. The matter was referred to a magistrate judge, who recommended that the motion be granted. The district court adopted this recommendation after de novo review. On appeal, Payton-Bey reasserts the merits of his claims and argues that the district court erred in denying his motion to amend his complaint to add defendants.
 
 
 4
 Upon review, we conclude that summary judgment was proper. Payton-Bey's claims of racial discrimination and denial of medical treatment were completely unsupported by specific facts in order to defeat the motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). His claims of verbal harassment and placement on food loaf status for four days did not rise to the level of constitutional violations.
 
 
 5
 Furthermore, the district court did not abuse its discretion in denying Payton-Bey's motion to amend his complaint to add defendants, where the court found that the amendment was delayed until after the defendants' dispositive motion and was futile. See Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation